The next case on the calendar is Gonzales v. Jackie Crawford. And Ms. Forsman? Yes. Good morning, Your Honors. Fannie Forsman appearing on behalf of the Petitioner Appellant. Mr. Gonzales, when he was arrested, the police immediately discovered that he was significantly hearing and speech impaired. And this is a police report that is in the record at page 3031. And at that time, he told a story of what happened. And he described a drunken parking lot brawl in which several people were fighting with him. Had the plea agreement in this case or the canvas by the State Court judge been adequate in any respect with regard to either a factual basis for the plea or an explanation of the elements of the crime, and had the same description of the events been given by, had he been asked by Mr. Gonzales at the time of the plea, it would have been apparent that he could not have been convicted of second-degree murder under Nevada law. Now, the wending way of habeas law has brought us to an issue which I don't think has been decided by this circuit, and that has to do with the Nevada Supreme Court Bryant rule. And it has brought us to the situation in which throughout this record, both the State and Mr. Gonzales have described that the principal issue on direct appeal to the Nevada Supreme Court was, this is at EOR 93, the district court committed prejudicial error in accepting defendant's guilty plea inasmuch as the plea was not knowingly entered. At EOR 94, same thing. Knowing entry of a plea must include evidence of an understanding of the nature of the charge, a citation to Hanley v. State, which adopts federal constitutional law. Even the State at EOR 101, in opposition to this fast-track process which is used in Nevada and its opposition, says that the first issue is, did the district court commit prejudicial error when it accepted the defendant's guilty plea? And yet we're standing here today arguing to the court that the district court, the federal district court below, found that that issue was not exhausted. Wasn't, my impression was that the issue as actually articulated at that time dealt with the on-the-record, the nature of the on-the-record colloquy and the argument that there had not been sufficient discussion of the elements of the crime. Is that right? Well, that is correct. Inasmuch as you can tell what the issue might be in the fast-track statement. And that's the problem, is we've got a six... It's sort of no coincidence because what he's trying to raise now would require extra record evidence, wouldn't it? There was evidence in the record of the hearing impairment. The issue with regard to the adequacy of the colloquy would not have required any extra record evidence. But that's not really what you're talking about now. It's both, Your Honor. It's both. It is the adequacy of the colloquy as well as what adds to the problem of the voluntariness, or in addition to the adequacy of the colloquy, would be the hearing and speech impairment which was present. The problem with the Bryant rule, and our first position, and the position that I think can very easily be made out with this record, is that the Nevada Supreme Court did reach the merits of the adequacy of the colloquy. I don't think there's any question about it. We know how the Bryant rule works in Nevada. We know from the cases which we have cited, particularly if you look at the Smith case which is cited, we know what the Nevada Supreme Court does. And it goes straight to the merits to determine whether or not there is error, to determine whether the exceptions to the Bryant rule apply. The cases which are cited by the state are in opposite to the rule which is present in Nevada. There are three things that are a problem with this rule and three reasons why we know that either one, the Nevada Supreme Court did reach the merits of the issue, or two, this was a procedural default on which the state now has the burden of proof. First, the Bryant rule is not a legislative rule. The cases cited by the state are cases in which there is a statute present in California and Arizona, in which there is the Rule 32, for instance, in Arizona, in which there is an adoption by the legislature that says we don't want you to appeal this way. We do not want you to raise this issue. What difference does that make? Well, the difference is in Turner v. Compoy, there is an emphasis by the court on the fact that it's a legislative rule, not a court-made rule. And I can... Why would that matter under any theory of exhaustion or procedural default? I think it's because of the clarity of the rule and the mandatory nature of the rule. When you've got a judge-made rule, exactly what happened in Nevada is what then leads you into the area of it not being uniformly applied. So your issue isn't really whether it's legislative or not legislative. Your issue is that it has an exception. I think that's right. I think that's right. I'm using... I'm basically looking at Turner v. Compoy in which they say statutorily deviating path is the term that this court has used. And so I'm looking at... They're using the adjective statutorily deviating path. I think that the clarity of the rule is important, and if the legislature had said don't appeal this way instead of do appeal this way, which is what Nevada says, it says you can take an appeal from the guilty plea. It is only the Nevada Supreme Court which says that on occasion we may say that you cannot have a review of this issue. I think, again, the Smith case is the most important case on this point because the court went straight to the record of the colloquy to determine whether or not it was voluntary. So we know that the Nevada Supreme Court will do that, and I think that that's where the district court in this case erred. It assumed that the Nevada Supreme Court never reached the merits, never reached the constitutional claim raised and said this was completely procedural, but that's not what the Nevada Supreme Court said. There were two forms of the issue raised in the fast-track statement. The first was, was the plea voluntary, should have been accepted? The second was, should the Bryant rule be overruled? And what the Nevada Supreme Court said at EOR 108, and this is really their whole holding in the case, there's some introductory stuff, but the whole holding in this case, the first thing they said, no error clearly appears from our review of the record. They did not say that the record was inadequate for a review, and had they said that I think we would be in a very different position. What they did was the same thing that they did in Smith, the same thing that they did in Lyons. They went underneath. They looked at the record. They determined based upon those records there's no clear error. I understand exhaustion. For exhaustion, the record doesn't have to show that the state court actually ruled on the merits. The issue just has to have been fairly presented to them. That's exactly correct. And what our behavior thought seems to say, at least my understanding may be incorrect, but it seems to say that where the state has a preferred method for addressing the issue, if the Petitioner does not pursue that method, then it's not been fairly presented. So here, in other words, when the Supreme Court issued its fast-track ruling, it directed the defendant to file a, to raise his claim in a habeas proceeding. If that were all it did, Judge, then you would be right. The problem is, is that's not all the Nevada Supreme Court did. The Nevada Supreme Court actually did review on the merits. And as we also know from Turner ---- One of the things that very much disturbs me about your argument is that with regard to the, what I understand the central part of your current argument about the involuntariness of the plea, the hearing and speaking issues, it would be perfectly reasonable to say that it doesn't clearly appear on the record. Go do a habeas because we need a record. We need to develop a record. So it doesn't, in other words, your two arguments may fall out differently because one of them should have been able to be done on the record and maybe was done on the record, but the other one couldn't have been done on the record reasonably, and indeed we would have said the same thing. Go bring a habeas. Judge, I think that there is a, it is a harder argument to make with regard to the hearing and speech impairment. But I think that the colloquy argument which is made is clearly there. The Nevada Supreme Court clearly looked at that, looked at the merits of it and decided it. Should you decide that that's not the case, then I'd suggest that what the state says at page 9 of their brief, which is when you don't follow the preferred route, if that's what you decide is the case and that the merits were not reviewed by the Nevada Supreme Court, and what the state says, and we agree with that, is that should you get to that point and find that if we didn't follow the preferred method and the petitioner is barred, then you must apply the rules of procedural default. And if you look... In Nevada, could you go back now and exhaust these questions? No. No. In fact, the court even... That's because of some other reason, which is that there's a time limit. In fact, the district court, the federal district court found that the time limit had already run and so that he is barred from going back. So we necessarily have a procedural default problem here. We necessarily have a procedural default problem. And if you apply the rules of procedural default to the Bryant rule, it can't survive. That's why the state is unable to argue that. But isn't this really a sham battle here now? The district court didn't go to the merits of any of this. It simply dismissed it because you have two claims, one of which the district court says is unexhausted. Now, in fact, you have no remedy. This man has no remedy in the courts of Nevada. Right? At this point on that claim, he does not. Well, or anything else as far as we know. Right? Right. He's finished in the state courts. Because of the time bar, yes, Your Honor. And there's nothing he can bring in the future. Correct. Now, if the district court is saying this is a mixed petition because you presented an unexhausted claim, isn't that more addressed to the whole merits? You can present any claims you want, and then the court ought to rule on them in the merits. And if they're procedurally default, that one's gone, this one's gone. We don't even get to the Bryant rule until we try to decide or some district court tries to decide whether or not it can hear you on these issues because you didn't present them or you did present them to the Supreme Court when you were there. Now, why conceivably can this be a mixed petition? That's what I'm getting at. And why do you argue anything other than it is simply not? Let's go to the merits and find out whether or not any of these things survive. We know nothing survives that you can litigate anymore in the state court. What more do we need to know? The issue of procedural default was presented to the district court judge. The district court judge did not rule on that issue. The district court judge ruled only on the exhaustion issue. What Judge Levy is saying is this, and I share his view. It is not the one thing we know now is that there is nothing else to be exhausted. Therefore, the district judge was wrong to treat this as a mixed petition. Therefore, isn't the most sensible thing we do is remand, say this is no mixed petition. It couldn't have been exhausted. Now deal with the case on the merits, including any procedural default arguments. Is there anything else we need to do at this point? I think you could rule on the procedural default question, Judge, because I think that was raised with the district court judge, that there is no question that the application of the Bryant rule at this point cannot survive that analysis. That is why the state does not want to address that in their answering brief. Well, but if we agree with you, if we say you're right, all we conclude is it's exhausted. Now we know it's exhausted without even bothering to know whether or not you're right. Do we not? There's no forum in the state of Nevada. There is no other relief available to this petitioner in any state court that's practiced. And so all that the federal court has to do is look at the merits of those claims which you fairly presented to the state courts. And if the Bryant rule is alive and well, you have problems. If the court says it is not, then maybe it can conclude you fairly presented it. But that's garden variety stuff. That has nothing to do with exhaustion. We know the one thing we know for sure is there's no place left for you in the state courts of Nevada. That's correct, Judge. Now what can be more exhausted than that? Thank you, Counsel. I'd like to pick up right where I left off. What more is there for the state of Nevada to do or that it can do in connection with any of the claims that this man has attacking his conviction? I have to be honest. I don't understand the court's question. Well, what claim can he present to the courts of Nevada that he is trying to present to the district court? He could present the claim that's currently unexhausted. And with what fate? With what fate? I'm sorry? With what fate? He can present the claim to the Nevada Supreme Court, which he has not yet done in the proper procedural context. He can do that in a petition for writ of habeas corpus. We have a time bar rule under NRS 34726. Misforcement is not correct when she says, and with all due respect, I think the court might be operating under a misapprehension of our law. As long as he can show cause and prejudice for his failure to file this claim in a timely petition, the petition can be heard by the state courts. So he does have a state court for him. He's got a high burden to meet because he didn't present this properly in the direct appeal in violation of the Bryant rule. He failed to present it in his proper person state court habeas petition, which I would point out was filed less than two weeks after remitted her from the direct appeal decision. There's no problem here with access to the Nevada state courts. It was filed in a matter of days. He didn't file this claim in spite of the fact that the Nevada Supreme Court said, raise your claim in a post-conviction proceeding. He didn't do that. He ignored the Nevada Supreme Court, and the claim he filed in his habeas petition was, I was mentally ill when I entered my plea, and I had headaches. Well, now. Was that on the merits, or that was through an ineffective? That was his habeas claim, Ron. It was a claim of ineffective assistance, and I think that claim was dealt with on the merits by the state courts. If I could go back just for a second. We're all operating under some misapprehension that was caused, I think, when the opening brief was filed in this case. I was the attorney for the state who filed the motion to dismiss. I never argued, and I never have argued, procedural default. This claim is not procedurally defaulted. I simply filed a standard motion to dismiss, fairly boilerplate stuff where I argued both claims were unexhausted. Judge Hagan found that the second claim, although poorly pled in the state court in the pro se petition, although poorly pled in proper person, was in fact close enough, we'll call claim two exhausted, but claim one was not exhausted. He said it was not exhausted simply because under the Roetgen decision from this court, Roetgen v. Copeland, 33-3-36, citing Castile v. Peoples from the U.S. Supreme Court, that when the state courts insist on a specific procedural context for a claim to be raised, it has to be raised in that context. I move to dismiss under fair presentation. Judge Hagan agreed with me, and he found the petition to be unexhausted. This is not a case of procedural default. It never has been. Let's assume that what you're saying is correct. Since Judge Hagan ruled, has not this court, with regard to the question of whether he should have stayed the petition rather than dismissing it, indicated that he probably should have stayed it? That issue is not before the court for a couple of reasons. First of all, Mr. Gonzalez was represented by a counsel, so there is no dilemma issue. This was not a proper person proceeding before the U.S. District Court. He was represented by the Federal Public Defender's Office at the time. Secondly, the issue that was the only issue that was certified for this appeal by Judge Hagan was whether or not claim one was exhausted. That's the only issue that was ever certified. Procedural default is not before this court, never has been before this court. That's procedural default. I was discussing the dismissal of a mixed petition. I'm sorry? I wasn't discussing procedural default. I was discussing the dismissal rather than the staying of a mixed petition. That issue is not in the COA. But on that issue, hasn't the law changed since the District Court ruled? I think the law has probably been clarified because that's been kind of an evolving issue with how much the court, how much the District Court has to advise a proper person petitioner. But this petitioner was not operating in proper person. He had an experienced habeas attorney from the Federal Public Defender's Office representing him. He asked to stay, and the judge refused to stay. What does that have to do with advising a proper person petitioner? The judge just flatly refused to stay. I am not aware that he asked to stay. He filed a motion for reconsider. He refused to do it. He filed a motion to reconsider on the issue of whether or not the claim was exhausted. The court ruled in its denial of the motion for reconsideration that, in fact, the claim was not exhausted because under the Bryant rule the claim was never fairly presented, again citing the Roetgen decision which cites Castile v. Peoples. The problem here, I think, when this appeal got off-center was the only issue that was ever certified for the appeal was the issue that was in front of Judge Hagan, and that is, was this claim exhausted? It's a simple issue. In the opening brief, oddly, and I commented on this in my responsive brief, exhaustion was never dealt with. The opening brief isn't responsive to anything we did below because the opening brief and the entire effort by the Federal Public Defender's Office has been somehow to recast this issue as a default issue. The court never ruled that there was a defaulted claim. I never claimed it was defaulted. When the issue of the sufficiency of the plea or the knowingness of the plea, if I could, the voluntariness of the plea was entered in the direct appeal, no state's attorney, either from my office or from the Clark County District Attorney's Office, could have argued that that claim was defaulted because the claim was nothing more than premature. This is just like raising a habeas claim, a claim for ineffective assistance of counsel, on direct appeal. You can't do that in Nevada either. There are certain claims you have to raise on direct appeal, certain claims you have to raise on post-conviction, just like most places. We follow the standard rule. The only thing that happened here was Mr. Gonzalez tried to raise a post-conviction-type claim in the direct appeal proceeding. The Nevada Supreme Court, and I would direct you to EOR 107 and 108, the Nevada Supreme Court specifically enforced that rule. Let me go back to my question about the state. The reason this all matters, of course, is because if you're right and all the petitioner needs to do is to go file a petition in the state supreme court to see whether they will find cause for prejudice, the case may all get back together again and may be able to go forward. But as the case now stands, that isn't going to happen because the district court said, federal court shall not stay and fix petitions while petitioner returns to state court to exhaust unexhausted claims. Therefore, the court must dismiss the petition. And that's wrong, right? That's wrong, what he said. It may be wrong under the law that transpired after the fact. So your position is that nonetheless that stands no matter what in this case? It's my position that it stands for two reasons. First of all, that was not an inappropriate statement of the law when it was made by Judge Hagan. Secondly, again. But it's inappropriate now. But Mr. Gonzales was represented by an experienced habeas attorney. The experience, this is not a pro se kind of petition. So the cases from this court. The court versus small rule is not limited to pro per petitioners. The problem is when the time running is so short. I guess I'm at a loss to know exactly how to respond to the court because the questions you're asking are beyond the certificate of appealability. Well, you said that you said that in opening remarks, you said that he could still go back to state court and pursue his unexhausted claim. That's correct. He could do so. Because apparently the Nevada Supreme Court does would entertain a late petition if there was sufficient cause shown. The state district court would. Yes. State district court. Yes. Well, he'd have to go back to the state Supreme Court. Correct. Ultimately. Habeas appeal. Yes. What he would do right now is go back to the state district court and file a habeas petition and try to overcome that procedural bar. Yes, that's correct. In response to Judge Lieber's question, when Judge Lieber was saying there's nothing he could possibly do, your response is, well, yes, there is. But the district court really didn't give him that chance. To go back to state court? The district court told him to go back to state court. Well, it was a meaningless remedy, though, because we know that when the district court dismissed this petition, then he can't come back to federal court. Then his one year is expired. But the ‑‑ I'm ‑‑ In other words, he can't, as a practical matter, he cannot go back and exhaust in state court because if he does, he's never going to get back to federal court anyway, so it's not exhaustion as such. As things now stand. Is that correct? Under Duncan v. Walker, the federal court time period is not going to apply to the statute of limitations. I've asked the court's questions. But there is a remedy in state court. Now, if you're ‑‑ does your question refer to the state court statute of limitations or the federal? The question refers to the question whether this exhaustion usually means go to state court and later you can come back to federal court. But, in fact, he will not be able to come back to federal court. Is that correct? Under Duncan v. Walker, he may not be able to come back to federal court. He will not be able to. Because the federal timeline may be expired if he files a second petition. Yes, it will be expired. See that? Well, now, are you ‑‑ is it your assertion that the federal court in the first instance cannot decide whether or not a petitioner is procedurally defaulted in the state court? It cannot decide that? It has to, say, go file your maybe frivolous petition with the state court and we'll see? The federal court can rule on a procedural default issue under at least two circumstances that I'm aware of. Had I moved to dismiss under a procedural default, had this claim been procedurally defaulted, then the court could have dealt with the issue secondly. And you would have been then contending not only was it exhausted, but it was procedurally defaulted. That's the way it was exhausted. And you would say the state court had decided that. What I'm asking is, are you saying that the federal court can never decide in the first instance that a claim is procedurally defaulted under state law and therefore exhausted? There's a footnote by Justice O'Connor in ‑‑ it's not the Picard case. The primary procedural default case. It's not Picard. It's a case that followed Picard v. Conner dealing with procedural default. Federal courts can find procedural defaults if it's obvious on the record. The Nevada federal courts do not do that because of the exceptions to our abuse of the writ statute and our timeliness statute. They prefer to get a ruling from the state courts on whether or not there's an absolute bar. Right now, I can't predict whether or not there is or not, if there's a bar or not, because of the exception under our statute. Well, if I get the petitioner's position correctly, it is that he presented this issue, all the issues he seeks to present, on direct appeal. No, he presented one of his claims on direct appeal improperly, and he presented the second. According to Judge Hagan, the second claim in the petition was actually filed in the postconviction petition in state court. All right. But anyway, the issue that he seeks to get at, he claims to have exhausted on direct appeal. Yes. And you're saying, in effect, he'll never get to federal court on that because this is a mixed petition, he's got to go back to the state court, maybe he can get in there on their cause and prejudice rule, and even if he does, the federal statute has run. So that is beyond the reach of the federal courts in the posture of this case. I think under Duncan v. Walker that's an appropriate analysis, yes. And he cannot even contend before the federal court that all of the issues that he seeks to raise in connection with his infirmity were presented fairly to the Supreme Court of Nevada in the first instance. He has no forum in which he can say that. He had that forum. That's what happened below in this case. That was the forum we had a year and a half ago. But it did so in the name of saying that the petition was mixed rather than to go to the merits of it. That's correct. And he'll never get to the merits of it, right? It is likely he will not get to the merits on claim one under Duncan v. Walker. Now, just as a matter of curiosity, I suppose that there are other safety valves in the procedure in Nevada that will let a petitioner raise some issues, particularly those of innocence, at any time, right? Yes. Okay. That's all. Okay. Thank you, Counsel. Thank you. Yes. You may have a minute to respond. I would point the Court to just two matters, and one is that page 9 of the State's brief sets out procedural default occurs when a State court rules that it will not consider the merits of a Federal claim because the petitioner failed to properly follow the correct State law procedure in preserving or presenting the claim, and the claim is barred from a merits review in the State courts. That is where we are, and I think the State has conceded that. Why is that? Because the State court didn't say we won't consider it. It said go bring a habeas. He didn't bring a habeas. So now the question is whether there's a time bar, and the question is whether the safety valve and the time bar is sufficient to require you to go back and exhaust. So we really are at the question that Judge Levy has been raising. Do we now decide that there is a procedural default because Nevada is not going to invoke the safety valve, or do we tell you to go see if Nevada will invoke the safety valve? Well, Judge Brisson, I think you may have identified the additional problem here, and that is that Judge Hagan actually in his order said, talks about fail versus Hubbard at page EOR, page 230, and says that we will not be able to get back here, says that the time period was told, and I will not stay this, which was curious because this occurred only on the petition for reconsideration. Petitioners should be aware that these are the only options the court will consider. The court will not stay this case or otherwise hold in abeyance. So that's why we're here today rather than opting for some other choice. But you didn't appeal that. One of the problems is that you didn't seek a COA on that, and it hasn't been appealed. On the other hand, the law on that has changed somewhat since this occurred. We did not because this case has been pending for a while, and to the extent that I think that I believe that the rules of the Ninth Circuit would permit us to request an expansion of the COA even at this time in order to include that issue, should the court reach that issue in order to be able to determine that we just, he will never be able to have federal review of this question under the circumstances. Well, you said there was a procedural default. Now, could you just in one sentence say what you mean by that? The Bryant rule must, if as it was applied in this case, if it means that he could not go forward, then the Bryant rule itself is a procedural default rule. That I just absolutely don't see because the Bryant rule is a rule that says don't do it this way, do it that way. So why is it a rule of procedural default if you have the opportunity to do it that way, which he did. He just didn't do it. It is just an alternative opportunity. And our position is that they did go to the merits on this case, that the Nevada Supreme Court did not just rule procedurally. Thank you, counsel. Thank you. I appreciate your arguments today. Thank you.
judges: Leavy, Paez, Berzon